1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

EUGENE LEON PRICE,

Case No.  2:24-cv-2756-JDP (P)

12

Plaintiff,

13

v.

ORDER

14

D. NOONE, *et al.*,

15

Defendant.

16
17
18

Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against twenty

19

named defendants, alleging that they tormented him by broadcasting noise inside his prison cell

20

and that they violated his privacy by recording him showering and using the restroom.  ECF No.

21

5.  The allegations fail to state a claim.  Plaintiff may, if he chooses, file an amended complaint

22

that addresses the deficiencies noted herein.  I will grant plaintiff's application to proceed *in*

23

*forma pauperis*.  ECF No. 7.

24

**Screening and Pleading Requirements**

25

A federal court must screen the complaint of any claimant seeking permission to proceed

26

*in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

27

dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

28

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

### Analysis

Plaintiff alleges that he was transferred to his current prison—High Desert State Prison ("HDSP")—on July 9, 2024.  ECF No. 5 at 3.  He alleges that, when he was transferred, his former prison gave HDSP "files" that produced a "low frequency that has been used to destroy [plaintiff's] eardrum."  *Id.*  Plaintiff alleges that unnamed correctional officers played this sound inside his cell daily and the sound tortured him because he could hear the noise even when he attempted to block it, and the noise caused him physical pain.  *Id.* at 3-4.  He also alleges that unnamed individuals inappropriately recorded him while he showered and used the restroom.  *Id.* at 3.

2

Construed liberally, plaintiff appears to allege an Eighth Amendment challenge against the conditions of his confinement due to excessive noise.  To sufficiently allege an Eighth Amendment conditions of confinement claim, a plaintiff must allege that he has been both deprived of the minimal civilized necessities of life and that the defendant acted with a deliberate indifference.  *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995).  Plaintiff's claim sufficiently alleges he has been deprived of the minimal civilized necessities of life.  *See Rico v. Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020) (noting that existing Ninth Circuit precedent recognizes the general right of inmates to be free from excess noise); *see also Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996), *amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998) (holding that the Eighth Amendment requires inmates to be housed in an environment that is reasonably free from excess noise).  However, plaintiff fails to allege any facts demonstrating that any of the named defendants acted with a deliberate indifference.  *See generally* ECF No. 5 at 3-4.  As such, plaintiff's complaint fails to state a viable Eighth Amendment conditions of confinement claim.

Additionally, plaintiff appears to allege that defendants violated his Fourth Amendment right to privacy by recording him while showering and using the restroom.  The Ninth Circuit recognizes "that incarcerated prisoners retain a limited right to bodily privacy."  *Michenfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988).  The right is limited because the "right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order."  *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984).  While plaintiff alleges defendants are invading his privacy by recording him in the showers and restroom, he does not allege that defendants are doing this for any reason other than to ensure institutional security or order.  *See generally* ECF No. 5 at 3-4.  So, plaintiff's Fourth Amendment claim is insufficiently pled.  *See Thomas v. Penzone*, No. 20-cv-01242-PHX-MTL, 2020 WL 4698055, at *5 (D. Ariz. Aug. 12, 2020) (dismissing with leave to amend plaintiff's invasion of privacy claim for failure to state a claim because plaintiff did not allege facts to support his claims that prison cameras recording inmates showering were used for any purpose other than monitoring inmate safety).

Even more, plaintiff's complaint does not comply with Rule 8, as its allegations against each named defendant are not simple, concise, or direct.  Fed. R. Civ. P. 8(d)(1).  Instead, the complaint makes its allegations generally and without explaining how each defendant was involved in the alleged violation of plaintiff's rights.  *See generally* ECF No. 5 at 3-4.  Thus, it is unclear which, if any, of the twenty named defendants was responsible for playing the incessant noise or watched him showering and using the restroom.

Accordingly, plaintiff's complaint is dismissed for failure to state a claim.  I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. Plaintiff should also take care to add specific factual allegations against each defendant.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current one no longer serves any function.  Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 7, is granted.

2. Plaintiff's complaint, ECF No. 5, is dismissed with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:    February 26, 2025    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE