| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| EUGENE LEON PRICE,<br><br>                    Plaintiff,<br><br>        v.<br><br>D. NOONE, *et al.*,<br><br>                    Defendant. | Case No.  2:24-cv-2756-JDP (P)<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against thirty-three named defendants, alleging various constitutional violations.  ECF No. 20.  Plaintiff fails to state cognizable claims against thirty-two of the named defendants, but he does state a potentially colorable Eighth Amendment claim against defendant Jacobs.  Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein, or proceed only on the Eighth Amendment claim against Jacobs.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges violations of his Sixth, Eighth, and Fourteenth Amendment rights, checking boxes for basic necessities, disciplinary proceedings, excessive force, threat to safety, exercise of religion, and retaliation. ECF No. 20 at 3, 4. He alleges that defendants Noone, Carpenter, Stark, Villarreal, Para, Writz, Lewis, Garcia, Sullivan, Dystrom, Pena, Grady, Neil, Pearson, Hernandez, Dr. L, Gwerson, Martin, Johnson, Abernathy, Martinez, White, Muthana, Carion, Soriano, Avalos, Garcia # 2, Pattern, Gonzalez, Ayala, Thao, Watkins, and Jacobs acted maliciously toward him while he was in the Restricted Housing Unit ("RHU") at High Desert State Prison ("HDSP"). *Id.* at 3.

1        Plaintiff generally alleges that he is being "torture[d]" inside his cell by a "buzzing sounds
2   with a low frequency." *Id.* at 7. He contends this sound comes from "files" that his former prison
3   provided HDSP. *Id.* at 7, 11.
4        Plaintiff also alleges that Watkins refused to speak with him about a rule violation report
5   that he received while at his former prison. *Id.* at 8. He also alleges that Dr. L shared information
6   with Watkins and Pearson regarding a lawsuit plaintiff was intending to file. *Id.* He alleges that
7   Jacobs degraded him in front of Sergeant Montoya, Neil, and female officers by stripping him
8   naked for two hours. *Id.* at 8, 10. He also asserts that an unnamed prison official took paperwork
9   from his cell regarding grievances. *Id.* at 10.
10       Finally, plaintiff alleges that, due to him filing grievances and a lawsuit, Johnson and
11  Abernathy gave him "the worst calculation worksheet." *Id.* at 4. He contends that had these
12  individuals calculated his worksheet correctly, he would be at Level 2 or Level 3. *Id.*
13       As an initial matter, plaintiff's complaint, even liberally construed, fails to allege any
14  constitutional violations related to disciplinary proceedings or the exercise of religion. As such,
15  to the extent plaintiff attempts to bring such claims, his complaint fails to sufficiently allege them.
16       Plaintiff's complaint also fails to state a cognizable Eighth Amendment claim based on
17  excessive noise against the thirty-three named defendants. Plaintiff appears to allege an Eighth
18  Amendment claim relating to the conditions of his confinement due to excessive noise. To
19  sufficiently allege an Eighth Amendment conditions of confinement claim, a plaintiff must allege
20  that he has been both deprived of the minimal civilized necessities of life and that the defendant
21  acted with a deliberate indifference. *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995).
22  Plaintiff's claim sufficiently alleges he has been deprived of the minimal civilized necessities of
23  life. *See Rico v. Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020) (noting that existing Ninth Circuit
24  precedent recognizes the general right of inmates to be free from excess noise); *see also Keenan*
25  *v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996), *amended on denial of reh'g*, 135 F.3d 1318 (9th Cir.
26  1998) (holding that the Eighth Amendment requires inmates to be housed in an environment that
27  is reasonably free from excess noise). However, plaintiff fails to allege any facts demonstrating
28  that any of the named defendants were involved in this incessant noise. *See generally* ECF No.

1  20 at 3-4.  As such, plaintiff's Eighth Amendment claim does not comply with Rule 8, as its
2  allegations against each named defendant are not simple, concise, or direct.  Fed. R. Civ. P.
3  8(d)(1).  Instead, the complaint makes its allegations generally and without explaining how each
4  defendant was involved in the alleged violations of plaintiff's rights.  *See generally* ECF No. 20
5  at 7, 11.  Thus, it is unclear which, if any, of the thirty-three named defendants were responsible
6  for the complained-of noise.

7  Plaintiff also fails to state a claim against Watkins for his refusal to speak to plaintiff
8  about a rule violation report plaintiff received at his former prison, as plaintiff does not identify,
9  and the court cannot find, any constitutional principle that generally requires a prison official to
10 speak to an inmate about a rule violation.  Plaintiff also fails to state a claim against Dr. L for her
11 sharing information with Watkins and Pearson, as, again, there is no constitutional prohibition
12 against prison officials generally sharing information with one another.

13 Also, plaintiff's allegation against an unnamed prison official for taking grievance
14 paperwork from plaintiff's cell similarly fails to state a claim, as plaintiff fails to allege that he
15 suffered an injury as a result of this conduct, and the allegation is conclusory.  *See Lewis v.*
16 *Hetzel*, No. C20-5114-RBL-TLF, 2020 WL 4739618, at *1-3 (W.D. Wash. July 21, 2020)
17 (dismissing an action for failure to state a claim where plaintiff's allegations failed to allege a
18 specific injury as a result of the alleged conduct and made "sweeping conclusory allegations").

19 Although not explicitly stated, plaintiff appears to bring a First Amendment retaliation
20 claim against Johnson and Abernathy.  However, he fails to sufficiently make such allegations
21 because he failed to allege that their actions chilled his First Amendment exercise or that the
22 actions did not advance a legitimate correctional goal.  *See Rhodes v. Robinson*, 408 F.3d 559,
23 567-68 (9th Cir. 2005) (outlining the "basic elements" of a First Amendment retaliation claim as
24 "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of
25 (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his
26 First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional
27 goal").
28

1	Nevertheless, for the purposes of screening, plaintiff does appear allege a cognizable
2	Eighth Amendment excessive force claim against Jacobs for degrading plaintiff in front of
3	Sergeant Montoya, Neil, and female officers by stripping him naked for two hours as a form of
4	punishment. *See Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020) ("We now hold that a
5	prisoner presents a viable Eighth Amendment claim where he . . . proves that a prison staff
6	member, acting under color of law and without legitimate penological justification, . . . engaged
7	in sexual conduct for . . . the purpose of humiliating, degrading, or demeaning the prisoner.")

8	As such, plaintiff may either notify the court that he wishes to proceed on his cognizable
9	Eighth Amendment claim against defendant Jacobs, in which case I will direct service, or he may
10	elect to amend his complaint. If plaintiff amends his complaint, I will delay serving any
11	defendant and will screen his amended complaint in due course. Plaintiff is reminded that any
12	amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d
13	896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Second
14	Amended Complaint" and refer to the appropriate case number.

15	Accordingly, it is hereby ORDERED that:

16	1. Within thirty days from the service of this order, plaintiff must indicate his intent to
17	proceed only with his Eighth Amendment claim against defendant Jacobs, or he must file another
18	amended complaint. If he selects the latter, no defendants will be served until the new complaint
19	is screened.

20	2. The Clerk of Court shall send plaintiff a § 1983 complaint form with this order.

21
22	IT IS SO ORDERED.
23
24	Dated:   May 5, 2025                                       _____
25	                                                           JEREMY D. PETERSON
                                                               UNITED STATES MAGISTRATE JUDGE
26
27
28