UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE LEON PRICE, | Case No. 2:24-cv-2756-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| D. NOONE, *et al.*, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against thirty-three named defendants, alleging various constitutional violations. ECF No. 22. Plaintiff sufficiently alleges an Eighth Amendment excessive noise claim against all defendants and an excessive force claim against defendant Jacobs, but his remaining allegations fail to state cognizable claims. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein, or proceed only on the Eighth Amendment claims.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

1  which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2  relief. *Id.*

3  A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13 The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20 **Analysis**

21 Plaintiff's second amended complaint is twenty-seven pages long, and of these pages, six
22 are a seemingly out-of-order narrative of events, and fourteen are taken up by a list of
23 constitutional amendments and state laws and regulations. ECF No. 22 at 7-27. Plaintiff purports
24 to bring claims against thirty-three defendants: Noone, Carpenter, Stark, Villarreal, Para, Writz,
25 Lewis, Garcia, Sullivan, Dystrom, Pena, Grady, Neil, Pearson, Hernandez, Dr. L, Gwerson,
26 Martin, Johnson, Abernathy, Martinez, White, Muthana, Carion, Soriano, Avalos, Garcia # 2,
27 Pattern, Gonzalez, Ayala, Thao, Watkins, and Jacobs—referred to collectively as the "Prison
28 Guards" throughout the complaint. *Id.* at 12. He alleges violations of his First, Sixth, Eighth, and

1  Fourteenth Amendment rights, as well as violations of the Equal Protection Clause, Americans
2  with Disabilities Act, and state torts of assault and battery, defamation, abuse of process, "public
3  policy," and invasion of privacy. *Id.* at 3.
4        Plaintiff's factual narrative alleges that "Prison Guards" are torturing him by forcing him
5  to listen to low-frequency sound waves every day, causing him physical and emotional harm as a
6  form of punishment. *Id.* at 7, 10-12. He also alleges that Jacobs degraded him in front of
7  Sergeant Montoya, Neil, and female officers by stripping him naked for hours. *Id.* at 9. He
8  finally alleges that his "scoresheet" was erroneously changed to show a worse score. *Id.* at 10.
9        As an initial matter, plaintiff's complaint, even liberally construed, fails to allege any
10 constitutional violations related the First, Sixth, or Fourteenth Amendments, or the Americans
11 with Disabilities Act, assault and battery, defamation, abuse of process, "public policy" or the
12 invasion of privacy. As such, to the extent plaintiff attempts to bring such claims, his complaint
13 fails to sufficiently allege them.
14       For the purposes of screening, plaintiff sufficiently states a cognizable Eighth Amendment
15 claim based on excessive noise against the thirty-three named defendants. Plaintiff appears to
16 allege an Eighth Amendment claim relating to the conditions of his confinement due to excessive
17 noise. To sufficiently allege an Eighth Amendment conditions-of-confinement claim, a plaintiff
18 must allege that he has been both deprived of the minimal civilized necessities of life and that the
19 defendant acted with a deliberate indifference. *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir.
20 1995). Plaintiff's claim sufficiently alleges he has been deprived of the minimal civilized
21 necessities of life. *See Rico v. Ducart*, 980 F.3d 1292, 1298 (9th Cir. 2020) (noting that existing
22 Ninth Circuit precedent recognizes the general right of inmates to be free from excess noise); *see
23 also Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996), *amended on denial of reh'g*, 135 F.3d
24 1318 (9th Cir. 1998) (holding that the Eighth Amendment requires inmates to be housed in an
25 environment that is reasonably free from excess noise). Additionally, while plaintiff refers to
26 defendants collectively as the "Prison Guards" as engaging in this conduct, such collective
27 allegations do not necessarily defeat plaintiff's claim when the "collective allegations are used to
28 describe the actions of multiple defendants who are alleged to have engaged in precisely the same

1  conduct." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).
2  Accordingly, plaintiff's Eighth Amendment claim for excessive noise may move forward against
3  the thirty-three named defendants.

4   Plaintiff also appears to allege a cognizable Eighth Amendment excessive force claim
5  against Jacobs for degrading him in front of Sergeant Montoya, Neil, and female officers by
6  stripping him naked for hours as a form of punishment. *See Bearchild v. Cobban*, 947 F.3d 1130,
7  1144 (9th Cir. 2020) ("We now hold that a prisoner presents a viable Eighth Amendment claim
8  where he . . . proves that a prison staff member, acting under color of law and without legitimate
9  penological justification, . . . engaged in sexual conduct for . . . the purpose of humiliating,
10  degrading, or demeaning the prisoner.").

11   As such, plaintiff may either notify the court that he wishes to proceed on his cognizable
12  Eighth Amendment claim against all defendants for excessive noise and his Eighth Amendment
13  claim defendant Jacobs for excessive force, in which case I will direct service, or he may elect to
14  amend his complaint. If plaintiff amends his complaint, I will delay serving any defendant and
15  will screen his amended complaint in due course. Plaintiff is reminded that any amended
16  complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907
17  n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Third Amended
18  Complaint" and refer to the appropriate case number.

19
20
21
22
23
24
25
26
27
28

4

Accordingly, it is hereby ORDERED that:

1. Within thirty days from the service of this order, plaintiff must indicate his intent to proceed only on his cognizable Eighth Amendment claim against defendants for excessive noise and his Eighth Amendment claim defendant Jacobs for excessive force, or he must file another amended complaint. If he selects the latter, no defendants will be served until the new complaint is screened.

2. The Clerk of Court shall send plaintiff a § 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:   June 18, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5