UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE LEON PRICE, | Case No. 2:24-cv-2756-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| D. NOONE, *et al.*, | |
| Defendants. | |

Plaintiff brings this action against at least four defendants—that is, at least D. Noone, B. Carpenter, Stark and Villareal—all of whom are named in the caption. ECF No. 24 at 2. Other individuals are named in the body of the complaint, however, and I cannot tell the precise number of defendants plaintiff seeks to sue. Additionally, the nature of plaintiff's claims, which involve the use of a "low frequency sound" to harass and torture him, are the sort of fanciful claims that courts routinely dismiss. *Id.* at 14. I will give plaintiff one final opportunity to amend before recommending that this action be dismissed.

**I.    Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

Plaintiff's complaint obliquely references numerous instances of wrongdoing, including low temperatures in his housing unit, occasional withholding of meals, and instances of verbal harassment from named defendants and other prison guards.  ECF No. 24 at 14, 19.  The focus of his claims, however, is on defendants' use of a "low frequency sound" that has affected him mentally and physically.  *Id.* at 14.  He alleges that this sound can cause "massive physical pain" and is so powerful that it sets off alarms in the prison.  *Id.* at 15.  He claims that unnamed prison staff have also been recording him in conjunction with deployment of the sound.  *Id.*  These are the sort of fanciful claims that should not proceed past screening.  *See Neitzke v. Williams*, 490

U.S. 319, 327-28 (1989).

I will give plaintiff a final opportunity to amend so that he may better explain the nature of this claim and why this action should proceed. In any amended complaint, plaintiff should be explicit as to how many defendants he seeks to sue and how each allegedly violated his rights. He is advised that the amended complaint will supersede the current one. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's second amended complaint, ECF No. 24, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   August 22, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3