UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE LEON PRICE, | Case No. 2:24-cv-2756-JDP (P) |
| Plaintiff, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| D. NOONE, *et al.*, | |
| Defendants. | |

Plaintiff brings this action against numerous defendants; from the operative complaint I cannot tell how many. As with his previous complaints, the operative complaint's failure to allege concise, intelligible claims against a determinate number of named defendants precludes a finding that this action should proceed. Additionally, plaintiff again invokes allegations that appear fanciful, insofar as they allege the use of a "low frequency sound" to harass him. ECF No. 27 at 25. Plaintiff has had ample opportunities to amend, and he is no closer to stating a cognizable claim. Accordingly, I will recommend that this action be dismissed for failure to state a cognizable claim.

**I.    Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

1

claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff's complaint lacks any cogent method of organization, and, as a consequence, it is impossible to tell how many claims are at issue, or how many defendants are implicated. The complaint begins with a written transcription of the process for calculating an inmate placement score, ECF No. 27 at 7-8, and descends from there into an argument concerning plaintiff's score that is difficult to understand, *id.* at 9-10. The complaint is interspersed with prison administrative documents, across the top of which plaintiff has written "claim 3" or "claim 2." *Id.* at 11-12. Perplexingly, the "claim 2" document appears after "claim 3." Moreover, I decline

to read these administrative documents to allege any claim. It is not obvious which parts of each document are relevant, and, absent explicit pleading, both the court and any potential defendants are left to guess at what claims are raised therein.

These documents are followed by a "defendant(s) list of names" that lists seventy-four names,[1] and includes too many separate allegations to list completely. Among these are the aforementioned attacks with "low frequency sounds," *id.* at 25, and numerous allegations that officials used offensive language against him, *id.* at 25, 27. The complaint totals fifty pages and numerous handwritten pages follow, all of which cite statutes and case law, *id.* at 36-49, but offer no context as to the substance of the claims at issue.

Based on the foregoing, I will recommend that this action be dismissed for failure to state a cognizable claim. *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989) (noting that "repeated failure to cure deficiencies by previous amendments" is a factor to be considered in deciding whether to grant further leave to amend).

Accordingly, it is ORDERED that:

1. The Clerk of Court shall assign a district judge to this action.

2. Plaintiff's motion for discovery, ECF No. 29, is DENIED without prejudice to renewal if these recommendations are not adopted and any claim eventually proceeds past screening.

Further, it is RECOMMENDED that plaintiff's third amended complaint, ECF No. 27, be DISMISSED without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

---

[1] It is unclear whether these seventy-four names comprise all the defendants plaintiff is attempting to sue, or if other parties are responsible for the claims raised at the beginning of the complaint.

3

within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    December 2, 2025                    /s/ Jeremy Peterson
                                                                   JEREMY D. PETERSON
                                                                   UNITED STATES MAGISTRATE JUDGE