UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE LEON PRICE, | Case No.  2:24-cv-2756-TLN-JDP (P) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| D. NOONE, *et al.*, | |
| Defendants. | |

On December 2, 2025, I recommended that plaintiff's third amended complaint be dismissed without leave to amend for failure to state a cognizable claim.  ECF No. 31.  I found that the complaint contained multiple separate allegations, none of which amounted to a cognizable claim.  *Id.* at 3.  Among these were claims that appeared fanciful, such as being attacked by "low frequency sounds."  *Id.*  Additionally, the complaint was so lacking in organization and cogency that neither I nor any potential defendant could be expected to understand the scope and nature of the claims being made.  On May 19, 2026, the district judge adopted my recommendations and this case was closed.  ECF Nos. 38 & 39.  On June 12, 2026, plaintiff filed a motion reconsideration, ECF No. 41, that, in a single page, vaguely asserts that his rights have been violated in numerous ways including that prison staff at High Desert State Prison have discriminated against him for being Muslim and Black and have failed to protect him in

1

unidentified ways. *Id.* at 1. These contentions do not warrant reconsideration.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J Multnomah County v. AC & S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Here, plaintiff has failed to show that any of the foregoing elements are met. Plaintiff has not presented newly discovered evidence or an intervening change in controlling law. Neither has he shown that the decision to dismiss his complaint was erroneous or unjust. Finally, it bears noting that reconsideration is not available where the movant simply disagrees with a ruling. *See United States v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. Mar. 13, 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . of that which was already considered by the Court in rendering its decision.") (internal quotation marks and citations omitted).

Accordingly, it is RECOMMENDED that plaintiff's motion for reconsideration, ECF No. 41, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    July 1, 2026                                 _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2